Thos. J. Herbert, Atty. General, Columbus, William Durkin, Asst., Columbus, for defendant-appellant.

(ROSS, J. of the First District sitting in place of Levine, J.)

## VIDISH v INDUSTRIAL COMM.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17135. Decided March 27, 1939

### OPINION

By LIEGHLEY, J.

On December 5, 1934, and for some time prior thereto, plaintiff's decedent, Charles Vidish, was in the employ of The Kangesser Company. The Kangesser Company was then in control of a property known as Wildwood Park in

the City of Cleveland, Ohio. He was employed as a watchman. A repair man also resided in a house located on the premises whose duties were to keep the premises in repair and in order.

The duties of the deceased consisted of making a trip around and about the premises during the night season and generally to keep a lookout to the end that the improvements on the property be not removed or destroyed. He was paid a small compensation and in addition was permitted to use a room connected with a barn located on the premises. He was not compelled to reside in this room as a part of his employment. When requested, his employer supplied him with tools, flashlight and coal on occasion.

On the morning of December 5, 1934, at about 7:30 A. M., he suffered severe burns from an explosion of gasoline either spilled by him or thrown upon the stove from which burns he died a day or two later.

Plaintiff, as his widow, duly presented a claim for compensation which was denied and thereupon appealed to the common pleas court. As a result of the trial it was decided that plaintiff was entitled to participate in the Compensation Fund. Appeal was duly perfected on questions of law to this court for review and reversal of said judgment.

The single question presented is whether or not the decedent sustained his injury and consequent death in the course of his employment, and arose out of his employment.

The decedent lived the entire twenty-four hours on these premises. During each twenty-four hours he duly performed such duties as were assigned to him, but he also necessarily looked after and cared for his personal needs. If he had been injured while making a trip over the property in the performance of his duties as watchman, undoubtedly the same would have been sustained in the course of and arising out of his employment. Likewise, if at any time during the twenty-four hours his attention had been challenged

to any probable molestation of the premises or the improvements thereon and he had been injured in any way or manner in answering his challenge or investigating what might be happening, such injury would be sustained in the course of his employment and arising out of it, if sustained at any moment from and after the time he received such notice or alarm.

However, this decedent was not engaged in anything that in the remotest degree involved a watchfulness of this property, nor was his injury sustained in doing anything in the direction of exercising vigilance for the preservation of this property. If he was building a fire for the purpose of procuring warmth, or for the purpose of preparing food for himself, the injury was sustained in the performance of an act purely personal to himself. It was not a hazard of his employment. It was a hazard created by him to which he would have been equally exposed in any other room whether located on this property or on a lot contiguous to this property.

It will not be profitable to undertake to assemble the many holdings in this State to the effect that unless the injury and death occurred in the course of or while he was engaged in the employment, and that the employment had some causal connection with the injury either through its activities, its conditions or its environments, the same is not within the Act.

**Grabler Mfg. Co. v Wrobel, 125 Oh St 265.**

Counsel for claimant places great stress upon the fact that he was on the premises for the full twenty-four hours, and seems to claim that he was at all times exercising a duty of vigilance as part of his employment.

Whether he was on this property in this room which he regarded as his home by permission or whether he occupied this room by necessity as a part of his contract of employment does not alter or modify the legal requirements

and rules established by the Supreme Court in the above authority.

The inquiry still remains, whether at the time he received these burns he was doing anything that in the remotest degree constituted a part of his employment or anything incidental thereto.

**Industrial Commission of Ohio v Ahern, 119 Oh St 41.**

Attention has been called to one or more cases of employees being on call at all times. This set-up is not infrequent with railroad train crews. It has been held that an employee whose contract of employment places him on call at all hours is within the scope of his employment from the moment he leaves his home and any injury sustained by him thereafter is within his employment and compensable. However, no authority has been cited to us holding that this same employee, before answering this call, is injured while engaged in taking care of his furnace, or taking a bath or shaving or otherwise looking after his personal needs is acting within the scope of his employment and that such injury arose out of his employment.

In the management of apartment buildings it is a very common practice to furnish the janitor with living quarters in addition to his salary. The authorities are quite uniform to the effect that the janitor is within his employment when doing anything that tends to care for, repair or preserve the property, but no authority has been cited nor has any come to our attention wherein the janitor has been held to be in the course of his employment while injured in his assigned living quarters performing any act personal to himself, such personal acts as he would be required to do for himself wherever he might be.

Pisco v Mintz, 262 N. Y. 176.

It was likewise so held in the case of a night watchman who was found dead in bed in a room supplied by his employer, by reason of gas escaping from an open jet in the stove, his death probably resulting from his placing a kettle of water thereon which boiled over while he was sleeping thereby putting out the gas flame and causing his death.

Hollinger v Fure ex rel 241 App. Div. (N.Y.) 644.

It is difficult to understand how the death of plaintiff's decedent can be claimed to have occurred in the course of his employment as watchman or as having occurred in any way incidental to such employment. He was performing no duty that would contribute to a preservation of this property from vandalism or other threatened injury. Warmth and food were essential to him wherever he might be and wherever he might be living.

It is out conclusion that decedent sustained his injury and █ death in the performance of acts wholly personal to himself and that plaintiff is not entitled to participate in the compensation fund for that reason.

Wherefore the judgment of the common pleas court is reversed and final judgment rendered for appellant for the reason that there is no proof of injury in the course of or arising out of the duties of the employment of decedent.

TERRELL, PJ, concurs. ROSS, J, dissents.